IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

BRIAN KEITH KINNETT,                    )
TDCJ No. 1193862,                       )
                Petitioner,       )
                                  )
v.                                      )          Civil No. 7:08-CV-024-O
                                        )
RICK THALER, Director,                  )
Texas Department of Criminal Justice,   )
Correctional Institutions Division,     )
                Respondent.       )

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by an inmate

confined in the Robertson Unit of the Texas Department of Criminal Justice in Abilene, Texas. In

the 78th Judicial District Court of Wichita County, Texas, upon his plea of not guilty to the charge

of possession of a controlled substance (methamphetamine) with intent to deliver, Petitioner was

tried by jury and, on July 10, 2003, he was found guilty. Petition p. 2; *Kinnett v. State*, No. 2-03-

292-CR (Tex. App. – Ft. Worth 2004, pet. ref'd). Kinnett was sentenced to 85 years confinement

and assessed a $250,000.00 fine. *Id.* On July 8, 2004, his conviction was affirmed by the Second

Court of Appeals. *Id.* On January 12, 2005, Kinnett's petition for discretionary review was refused

by the Texas Court of Criminal Appeals. *Kinnett v. State*, No. PD-1186-04 (Tex. Crim App. 2005).

He filed one state habeas application without success. *Ex parte Kinnett*, No. WR-64,570-01. The

Court of Criminal Appeals denied Kinnett's state habeas application after remanding the case for

an evidentiary hearing. *Ex parte Kinnett*, No. AP-75,611 (Tex. Crim. App. 2008).

In support of the instant petition, Kinnett presents the following grounds for relief:

1.    His arrest was the result of an illegal search and seizure after police unlawfully entered his property;

2.    The trial court erred in denying his motion to suppress evidence obtained from the illegal entry of his residence by police;

3.    The trial court erred in not suppressing the defective search warrant affidavit and subsequent search warrant;

4.    He was denied effective assistance of counsel because his trial attorney:

   a.    Failed to argue illegal entry of police officers, and thus failed to preserve the argument for appellate review;

   b.    Failed to object to four of seven identifiable defects of the search warrant or search warrant affidavit;

   c.    Failed to obtain an independent chemical analyst to determine how much of the illegal drug quantity was toilet water;

   d.    Failed to investigate, interview, prepare, and subpoena witnesses who could testify to Kinnett's innocence, and;

   e.    Was on fully probated suspension from the Texas State Bar at the time of Kinnett's trial;

5.    The Texas statute defining "adulterant and dilutant" is unconstitutionally vague;

6.    There is newly discovered evidence that Kinnett is "actually and procedurally" innocent;

7.    He was denied due process because there is no evidence to support his conviction;

8.    Ineffective assistance of appellate counsel because his attorney failed to raise the following issues on appeal:

   a.    Police illegally entered Kinnett's property;

   b.    Trial counsel was ineffective for:

      i.    Failing to obtain an independent chemical analyst;

      ii.    Failing to investigate, interview, prepare, and subpoena witnesses who could testify to Kinnett's innocence, and;

        iii.      Practicing with a fully probated suspension by the Texas State Bar at time of trial;

    c.      Newly discovered evidence of innocence, and;

    d.      Sufficiency of the facts and evidence.

*Petition pp.* 7-13.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides in pertinent part that:

    (d)      An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

        (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

        (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2007).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for

determining whether a state court's application was unreasonable is an objective one and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g.*, 28 U.S.C. § 2254(d); *Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994).

The state appellate court summarized the factual background of Kinnett's case as follows:

> Lieutenant Cavinder was investigating the theft of a couple of motorcycles when he was informed that the missing motorcycles might be located at 928 Huntington Lane in Iowa Park, Texas. Lieutenant Cavinder proceeded to that address to investigate the missing motorcycles and to arrest Kinnett on two pending Iowa Park traffic warrants. At 928 Huntington Lane, Lieutenant Cavinder observed the stolen motorcycles leaning up against a fence about ten feet from the trailer. He approached the trailer and knocked on the front door. Although Lieutenant Cavinder heard scurrying noises inside the trailer, no one answered the door. When Lieutenant Cavinder walked around to the back of the trailer to

observe the rear entrance, he smelled a strong chemical odor that he knew to be associated with the manufacture and use of methamphetamine.

Lieutenant Cavinder returned to the front door because a female arrived at the trailer. He explained to the female that they were looking for Kinnett. The female opened the front door and stepped into the trailer, calling for Kinnett. When the female stepped inside the trailer, the officers followed her in 'because [they] didn't know what was going on in there.' Kinnett appeared from the south end of the trailer, walking towards the front door. Lieutenant Cavinder recognized Kinnett, placed him under arrest, and escorted Kinnett and the female out of the residence onto the front porch.

Police obtained a search warrant to search the trailer, and Lieutenant Cavinder, Investigator John Spragins, and other officers executed the warrant. Investigator Spragins found a material he believed to be a controlled substance in the trailer's bathroom and a bottle of off-white powder underneath the floor of one of the bedrooms. Michelle O'Neal, a senior drug chemist, testified that the material found in the bathroom proved to be six hundred sixty-three grams of methamphetamine and that the bottle of off-white powder contained forty-four point sixty-seven grams of a substance containing ammonia.

Kinnett moved to suppress the above evidence, but the trial court denied his motion. Based on this evidence, the jury convicted Kinnett for possession of methamphetamine with intent to deliver.

*Kinnett v. State*, 2004 WL 1541781 at *1 (Tex. App. – Ft. Worth 2004, pet. ref'd).

**Grounds for Relief No. 1, 2, and 3:  Fourth Amendment Claims**

In his first three grounds for relief, Petitioner presents the following Fourth Amendment

claims:

1.    His arrest was the result of an illegal search and seizure after police unlawfully entered his property;

2.    The trial court erred in denying his motion to suppress evidence obtained from the illegal entry of his residence by police, and;

3.    The trial court erred in not suppressing the defective search warrant affidavit and subsequent search warrant.

These claims are barred from federal habeas corpus review.  As a general rule, state court

evidentiary matters are a basis for habeas relief only where they render the entire trial fundamentally

unfair.  *Mullen v. Blackburn*, 808 F.2d 1143, 1145 (5th Cir. 1987).  However, when a Fourth Amendment claim is involved, if the state has provided an opportunity for full and fair litigation of the matter, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an illegal search or seizure was introduced at trial.  *Stone v. Powell*, 428 U.S. 465, 494 (1976).  Where state court procedures provide meaningful mechanisms for deciding and reviewing such decisions and the petitioner's *opportunity* to contest the introduction of evidence is not circumscribed, federal courts have no authority to scrutinize a state court's application of Fourth Amendment principles.  *Davis v. Blackburn*, 803 F.2d. 807, 808 (5th Cir. 1986); *Billiot v. Maggio*, 694 F.2d 98, 100 (5th Cir. 1982).  This Court takes judicial notice that the state courts of Texas permit motions to suppress evidence based upon unlawful searches and seizures.

Kinnett actually filed a motion to suppress evidence at trial.  Trial Court Clerk's Record at pp. 30-33 (hereinafter "CR at p. ___.").  The motion was denied after a hearing.  Reporter's Record Vol. 4 at pp. 56-79 (hereinafter "RR Vol. ___ at p. ___.").  Kinnett raised his Fourth Amendment claim on direct appeal.  Appellant's Brief at pp. 19-37.  The appellate court denied the Fourth Amendment challenge finding that Kinnett waived his illegal search claim because he failed to object at trial on the same grounds that he argued on appeal.  *Kinnett,* slip op. at *2.  Because the constitutional requirement of an opportunity to fully and fairly litigate the suppression issue in state court was satisfied, this Court is precluded from considering the merits of Petitioner's Fourth Amendment claims.

**Ground for Relief No. 4:  Ineffective Assistance of Trial Counsel**

In his fourth ground for relief, Kinnett claims he was denied effective assistance of counsel at trial. The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been

different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

To obtain federal habeas relief on an ineffective-assistance-of-counsel claim under the AEDPA standard of review, a petitioner is required to demonstrate that the state court's decision on his ineffective assistance claim was contrary to, or an unreasonable application of, the standards set forth under *Strickland*. *Schaetzle v. Cockrell*, 343 F.3d 440, 443-44 (5th Cir. 2003).

In his first ineffective assistance claim, Kinnett argues that counsel failed to argue illegal entry of police officers into his home and thus failed to preserve the argument for appellate review. The rule barring federal habeas corpus review of a Fourth Amendment claim, where the state involved has provided an opportunity for full and fair litigation of that claim, does not apply to Sixth Amendment claims of ineffective assistance of counsel which are founded primarily on incompetent representation with respect to a Fourth Amendment issue. *Kimmelman v. Morrison*, 477 U.S. 365, 375-76 (1986). To prove his claim, the petitioner must show that the "Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Id*. at 375. The habeas-barred Fourth Amendment claim is one element of proof of his permissible Sixth Amendment claim. *Id*.

To preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection or motion that stated the grounds for the ruling sought with sufficient specificity and that the trial court ruled on the objection. *Tex. R. App. P.* 33.1(a). Kinnett acknowledges that his attorney, Holly Crampton, raised the illegal entry issue in two

motions for directed verdict. However, he argues that Crampton should have "presented [the argument] at the suppression hearing." Memorandum in Support of Petition at p. 53 (hereinafter "Petitioner's Memorandum at p. ___."). Although Kinnett states his belief that the inaction of trial counsel prejudiced his defense, his counsel's performance preserved the issue for appeal, therefore avoiding any prejudicial effect. *See Solares v. Solares*, 232 S.W.3d 873, 878 (Tex. App. – Dallas 2007); *OXY USA, Inc v. Cook*, 127 S.W.3d 16, 18 (Tex. App. – Tyler 2003).

Moreover, the Court notes that, when officers entered Kinnett's residence and arrested him, no evidence was seized at that time. Further, the record reflects that Lieutenant Cavinder detected a strong chemical odor known to be associated with the manufacture of methamphetamine when he was outside the residence prior to the arrest, not when he was inside at the time of the arrest. The record does not reflect that officers detected any indication of drug use or manufacture while inside the premises and the affidavit supporting the search warrant makes no mention of any knowledge gleaned by officers while inside the residence that would support a warrant. *See* RR Vol. 10 at pp. 5-6. Kinnett cannot show that he had a viable Forth Amendment claim to suppress evidence with regard to the officers' entry into his home. Therefore, he cannot prevail on his ineffective assistance claim.

Next, Kinnett argues trial counsel was ineffective for failing to challenge and preserve for appeal the four following defects with the search warrant and search warrant affidavit:

1.      the affidavit failed to specify who controlled the property on August 29, 2002, when law enforcement officers were previously on the property;

2.      the affidavit failed to specify who detected the smell of ether emitting from inside the trailer;

3.      the affidavit contained other general assertions not supported by specific facts, and;

4. the warrant was tainted by the officers' unlawful entry.

Petitioner's Memorandum at pp. 48-53.

An affidavit submitted in support of a search warrant must provide the magistrate with sufficient information to support an independent judgment that probable cause exists to issue the warrant. *Jones v. State*, 568 S.W.2d 847, 854 (Tex. Crim. App. 1978) (citing *Whiteley v. Warden of Wyoming Penitentiary*, 401 U.S. 560, 564 (1971)). Probable cause "exists where the facts submitted to the magistrate are sufficient to justify a conclusion that the property that is the object of the search probably is on the premises to be searched at the time the warrant is issued." *Cassias v. State*, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986); *U.S. v. Maestas*, 546 F.2d 1177 (5th Cir. 1977). Courts reviewing the sufficiency of an affidavit determine sufficiency by examining the facts set forth within the four corners of the affidavit and evaluating those circumstances in their totality. *Illinois v. Gates*, 462 U.S. 213, 234 (1983); *Cassias*, 719 S.W.2d at 587-88. Observations reported to an affiant by other officers engaged in the investigation may constitute a reliable basis for issuing a warrant. *U.S. v. Ventresca*, 380 U.S. 102 (1965); *U.S. v. Hayles*, 471 F.2d 788 (5th Cir. 1973). If it is found that the magistrate had a substantial basis for concluding that the search would yield the evidence sought, then deference requires that reviewing courts uphold the authorizing warrant. *Gates*, 462 U.S. at 236; *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004).

Kinnett has failed to demonstrate how the affidavit does not meet the lawful requirements necessary for a search warrant to issue. The affidavit was based on the observations of police officers at a location that housed a clandestine methamphetamine laboratory just six days prior to the warrant being issued. *Kinnett*, slip op. at p. 8. More importantly, the Second Court of Appeals found that the magistrate had probable cause to issue the warrant based upon the information set forth within the

affidavit. *Id.* Kinnett has not demonstrated that this decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based upon an unreasonable determination of the facts in light of the evidence presented. Therefore, he is not entitled to relief on this ground.

Kinnett claims that counsel was ineffective for failing to retain an independent chemical analyst to determine how much of the illegal drug quantity was toilet water. This ground for relief implies that Kinnett had a viable argument that the toilet water included in the weight of the drug quantity should have been excluded from the total weight. Under Texas law, the state correctly admitted the "two-phase liquid" containing methamphetamine and weighing 663 grams as evidence. Kinnett does not argue that this substance did not contain the illegal drugs. Therefore, Kinnett has failed to show prejudice as a result of counsel's alleged deficiency. *See Strickland,* 466 U.S. at 693 ("ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."). Moreover, any argument that toilet water should not have been included in the weight of the drugs is foreclosed by the decision of the Texas Court of Criminal Appeals which affirmed Kinnett's sentence under Texas law allowing the weight of drugs to include adulterants and dilutants. *Ex parte Kinnett*, No. AP-75,611 (Tex. Crim. App. 2008). Kinnett is not entitled to habeas relief on this ground.

Next, Petitioner argues that counsel was ineffective for failing to investigate, interview, prepare, and subpoena witnesses who could testify to his innocence. Specifically, Kinnett claims that counsel failed interview, prepare and present witnesses Katy Fields Kinnett, Sabrina Kinnett,, Robert Kinnett, Christopher Turpin, and Joni Fountain. Petition at pp. 8 a-b; Petititioner's Memorandum at pp. 55-58. Kinnett argues that these witnesses "would demonstrate no affirmative link" between

himself and the controlled substance, and that Ms. Fields Kinnett would have testified, as she did in two prior instances, that the controlled substance was hers.  *Id.*

Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).  Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution.  *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)).  A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding.  *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Kinnett has failed to meet these standards.  He has not shown that his witnesses testimony would have been favorable (i.e. - relevant to his conviction or sentence).  The affidavits presented by Petitioner as evidence from himself and from his proposed witnesses do not establish his innocence.  Appendix to Petition.  The affidavits only shed light on the whereabouts of Petitioner prior to his presence at the residence where the arrest took place and the controlled substance was seized.  *Id.*  None of the affidavits alleged that the seized controlled substance did not belong to Kinnett.  Furthermore, Kinnett's counsel, Ms. Crampton, testified that Mrs. Fields Kinnett admitted to perjuring herself at the revocation hearing by claiming that the controlled substance was hers.  RR Vol. 8 pp. 75-77.  There would be no sound reason for counsel to rely on the testimony of a witness whose rebuttal of the facts is predicated on false testimony.  Kinnett, therefore, is unable to show that counsel would have or should have chosen a different strategy based on additional preparation and investigation with regard to these witnesses.

In his final attack on the effectiveness of trial counsel, Kinnett claims that his attorney was, at the time of trial, on a one-year fully probated suspension from the State Bar of Texas. Petition at p. 8c; Petitioner's Memorandum at pp. 58-59. The Fifth Circuit has never applied a *per se* ineffectiveness rule relating to the status of a license to practice law in a specific jurisdiction. *U.S. v. Maria-Martinez*, 143 F.3d 914, 918 (5th Cir.1998). "[T]he key to adequate representation is not technical license to practice in the jurisdiction involved, but a credential from some forum demonstrating the specialized knowledge of a lawyer." *Id*. at 917. Texas courts hold that "the effectiveness of a suspended attorney should be determined under the two prong standard of *Strickland*." *Cantu v. State*, 930 S.W.2d 594, 603-05 (Tex. Crim. App. 1996).

At the time of trial, counsel for Petitioner was not disbarred, she was licensed to practice law. See RR Vol. 8 pp. 71-72. A fully probated suspension does not constitute ineffective assistance of counsel as a matter of law. *See Erdelyan v. State*, 481 S.W. 2d 843, 845 (Tex. Crim. App. 1972). This Court cannot grant ineffective assistance related habeas relief based solely on the fully probated suspension of trial counsel. Absent a finding of some circumstance under which counsel's performance fell below the two-pronged *Strickland* standard. Petitioner is not entitled to relief.

### Ground for Relief No. 5: Definition of "adulterant and dilutant."

Kinnett's next claim states that the Texas statute defining "adulterant and dilutant" is unconstitutionally vague and violates due process of law. Petitioner's Memorandum at p. 80; Petition at p. 8. Under Texas law, an "adulterant or dilutant" means any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance. V.T.C.A. Health & Safety Code § 481.002(49) (West 2007). The Fifth Circuit has held that "[i]t is not our function as a federal appellate court in a habeas proceeding to review a state's

interpretation of its own law." *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995); accord *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983).  Errors relating to evidence in a state trial do not give rise to federal habeas corpus relief unless the error be so egregious as to "constitute a denial of fundamental fairness under the due process clause."  *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983).

Kinnett argues that the unconstitutionality of the definition should be analyzed under the "void for vagueness" doctrine.  Petitioner's Memorandum at p. 81.  "That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Connally v. General Const. Co.*, 269 U.S. 385, 391 (1926).  Section 481.002(49) of the Texas Health and Safety Code puts the petitioner on notice that diluting controlled substances will result in the entirety of the new solution being treated *en masse* as a controlled substance.  The appellant clearly had a controlled substance in toilet water which served as an "adulterant and dilutant" under Texas law.  Therefore, Kinnett is not entitled to relief on this ground.

## Ground for Relief No. 6: Actual Innocence

Kinnett claims that newly discovered evidence establishes his innocence.  Claims of "actual innocence" are not rooted in constitutionality, "but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*,  506 U.S. 390, 404 (1993).  Absent some allegation of an independent

constitutional violation which occurred in the underlying criminal proceeding, Kinnett's claim of actual innocence cannot serve as a basis for federal habeas relief. *E.g., Herrera* , 506 U.S. at 400; *Lucas v. Johnson*, 132 F.3d 1069, 1074 (5th Cir. 1998); *Boyd v. Puckett*, 905 F.2d 895, 896-97 (5th Cir. 1990). Petitioner cites the affidavits of his uncalled witnesses as proof of his innocence. However, as previously discussed, the affidavits do not call into question the validity of Kinnett's conviction or sentence. Petitioner has not offered any independent constitutional violation to support his actual innocence claim. Therefore, he is not entitled to habeas relief.

### Ground for Relief No 7:  No Evidence

Kinnett claims that he was denied due process because there was no evidence to support his conviction. Under the AEDPA, the district court cannot grant habeas relief unless the applicant has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A). "[P]rocedural default ... occurs when a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997). To "fairly present" a claim "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Where a "petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Id*. at p. 259 (citing *Vela v. Estelle*, 708 F.2d 954, 958 n.5 (5th Cir. 1983)). Under Texas law, sufficiency of the evidence is not a ground for relief in state habeas proceedings, it must be raised on direct appeal. *Ex parte Santana*, 227 S.W.3d

700, 705 (Tex. Crim. App. 2007). Kinnett failed to include his "no evidence" claim in his Petition

for Discretionary Review. This ground for relief is procedurally barred from federal habeas review.

**Ground for Relief No. 8: Ineffective Assistance of Appellate Counsel**

Kinnett alleges that his appellate counsel failed to provide effective assistance because he

failed to raise the following issues on direct appeal:

1.      Police illegally entered Kinnett's property;

2.      Trial counsel was ineffective for:

      a.      Failing to obtain an independent chemical analyst;

      b.      Failing to investigate and interview, prepare, and subpoena witnesses who could testify to Kinnett's innocence;

      c.      Practicing with a fully probated suspension by the Texas State Bar at time of trial;

3.      Newly discovered evidence of innocence, and;

4.      Sufficiency of the facts and evidence.

In a claim of ineffective assistance of counsel on appeal, a petitioner must demonstrate both

that "counsel's errors were so serious that counsel was not functioning as the counsel guaranteed to

the defendant by the sixth amendment" and "that the particular lapse was prejudicial, meaning that

there is a reasonable probability that but for the error the ultimate result would have been different."

*McCrae v. Blackburn*, 793 F.2d 684, 688 (5th Cir. 1986). A reasonable probability is a probability

sufficient to undermine confidence in the outcome of the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453

(5th Cir. 1991). The Constitution does not require appellate counsel to raise every nonfrivolous

ground that might be asserted on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). And counsel

is certainly not required to raise frivolous issues on appeal.

Having previously reviewed each of the claims underlying Kinnett's attack on the effectiveness of appellate counsel, it is apparent that Kinnett cannot prevail on this ground for relief. He has failed to demonstrate a reasonable probability that, but for counsel's failure to raise the issues identified, the result of his appeal would have been different.

**Conclusion**

Petitioner has failed to demonstrate that the decision of the state court was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based upon an unreasonable determination of the facts in light of the evidence presented.

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a true copy of this Order to Petitioner and to Counsel for Respondent.

SO ORDERED this 31st day of March, 2011.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**

-17-